NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2281
_____

VIVIAN KENNEDY,

Appellant

v.

HELP AT HOME, LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-05291)
District Judge:  Hon. J. William Ditter, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2018

Before:  JORDAN, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: April 27, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Vivian Kennedy appeals the dismissal of her employment discrimination lawsuit against her former employer, Help at Home, LLC. Because we agree that the District Court lacks personal jurisdiction over Help at Home, we will affirm.

I.      BACKGROUND[1]

Kennedy, a resident of Philadelphia, Pennsylvania, filed an employment discrimination lawsuit in the Eastern District of Pennsylvania against Help at Home, a Maryland-based company, stemming from her employment as a live-in home care nurse for a client located in Maryland.[2] Kennedy alleges that she was subjected to gender-

---

[1] We write primarily for the parties and thus set forth only the facts necessary to our analysis. Those facts include information pertinent to Help at Home's jurisdictional argument, as set forth in the affidavit of its owner, Terri Rabkin. Except as noted, *see* n.2 *infra*, we assume the truth of the allegations in Kennedy's complaint and resolve all factual disputes in her favor. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 & n.1 (3d Cir. 1992) (reviewing motion to dismiss for lack of personal jurisdiction, and concluding that, "[b]ecause the district court granted a motion to dismiss, we state the facts as set forth in the plaintiff's [complaint]").

[2] In her complaint, Kennedy alleges that "Help at Home, LLC is a home care agency with its Executive Offices located" in Chevy Chase, Maryland. (JA at 7-8.) The complaint alleges no facts concerning where the alleged incidents of harassment or workplace discrimination and related injuries occurred. Although the complaint states that the District Court has personal jurisdiction over the defendant and that venue is proper because the "[d]efendant is located in and/or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district[,]" (JA at 8-9) those statements are generalized boilerplate allegations pertaining to Help at Home's citizenship and minimum contacts with the forum. Moreover, as discussed herein, Kennedy has not challenged Help at Home's representation that it is a Maryland-based company that conducts no business in Pennsylvania, and she has conceded that "the alleged incidents of harassment occurred in Maryland[.]" (JA at 39.)

based discrimination, a hostile and unsafe working environment, and retaliation in the form of termination after she complained that a client had sexually harassed her.

Help at Home filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to timely exhaust administrative remedies, which the District Court decided on the parties' written submissions. In reviewing the additional jurisdictional facts raised in Help at Home's motion to dismiss and supporting affidavit – which Kennedy did not contest – the Court found that Kennedy was "a Pennsylvania resident [who] went to Maryland to work for a Maryland employer and was harassed in Maryland by a Maryland resident who was a client of the employer[.]" (JA at 3.) It rejected Kennedy's sole jurisdictional theory, that the Court has specific jurisdiction over Help at Home, reasoning that she failed to cite any case law, nor was the Court aware of any, to support her claim that her residence in Pennsylvania is sufficient to establish jurisdiction over a nonresident defendant. Thus, the Court determined that it lacked "any basis to conclude that [it] ha[d] jurisdiction over Help at Home," and dismissal was proper. (JA at 3.) The Court then separately determined that dismissal under Rule 12(b)(6) was also proper because Kennedy had failed to timely exhaust her administrative remedies, thereby depriving it of subject matter jurisdiction. Concluding that no set of facts could be alleged to cure that defect, the Court dismissed the case with prejudice.

Kennedy filed a motion for reconsideration, challenging only dismissal under Rule 12(b)(6), which the Court denied. She has now appealed.

## II.  DISCUSSION[3]

Help at Home argues that we should summarily affirm because Kennedy has not challenged the District Court's conclusion that it lacks personal jurisdiction over Help at Home.[4]  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (noting that "[p]ersonal jurisdiction, too, is an essential element of the jurisdiction of a district … court, without which the court is powerless to proceed" (internal quotation marks and citation omitted)).  But even taking the issue on the merits, we agree with the District Court's conclusion that it lacked personal jurisdiction over Help at Home.

We exercise plenary review over a district court's dismissal for lack of personal jurisdiction.  *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018).  Once challenged, the plaintiff bears the burden of showing that personal jurisdiction exists and

---

[3] The District Court determined that it lacked subject matter jurisdiction; we have jurisdiction to review final orders of dismissal under 28 U.S.C. § 1291.

"We may affirm the district court on any ground supported by the record." *Joyce v. Maersk Line Ltd.*, 876 F.3d 502, 512 n.11 (3d Cir. 2017) (en banc) (citation omitted). Because we agree that the District Court lacks personal jurisdiction over Help at Home, we do not reach, though we question, the Court's alternative reason for dismissal for lack of subject matter jurisdiction. *Francis v. Mineta*, 505 F.3d 266, 267-68 (3d Cir. 2007); *cf. McDonnell v. United States*, 4 F.3d 1227, 1240 n.9 (3d Cir. 1993) (noting that "failure to exhaust administrative remedies does not *per se* deprive the court of subject matter jurisdiction," and suggesting that exhaustion is a "prudential consideration that the court takes into account in determining whether to exercise subject matter jurisdiction").

[4] In her opening brief, Kennedy does not challenge dismissal under Rule 12(b)(2). By failing to identify an issue on appeal and present a cogent legal argument to support it, an appellant typically forfeits the issue, and the court need not address it. *See Colwell v. Rite Aid Corp.*, 602 F.3d 495, 503 n.7 (3d Cir. 2010) ("It is well settled that an appellant's failure to identify or argue an issue in [her] opening brief constitutes waiver of that issue on appeal." (quoting *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005))).

must establish at least "a prima facie case of personal jurisdiction[.]" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

Because Pennsylvania's long-arm statute authorizes personal jurisdiction over nonresident defendants to the fullest extent permitted under the Constitution, the question is whether maintaining suit in the Eastern District of Pennsylvania comports with the Due Process Clause of the Fourteenth Amendment. *Id.*; *see also* 42 Pa. Cons. Stat. Ann. § 5322(b). "The due process inquiry involves an assessment as to whether the quality and nature of the *defendant's* activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state," *i.e.*, whether the defendant has sufficient "minimum contacts" with the forum. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009) (alterations in original) (internal quotation marks and citations omitted).

In opposing dismissal, Kennedy raised only one theory of personal jurisdiction, arguing that the District Court had specific personal jurisdiction over Help at Home. "[S]pecific personal jurisdiction … exists when alleged injuries arise out of or relate to activities purposefully directed by a defendant toward residents of the forum state." *Shuker*, 885 F.3d at 780 (internal quotation marks and citation omitted).

The District Court rightly determined, however, that Kennedy failed to show that Help at Home purposefully directed any conduct at Pennsylvania. Her complaint alleges that Help at Home maintains its executive office in Maryland, and she does not contest that it is a Maryland-based company that conducts no business in Pennsylvania. Moreover, she has conceded that "the alleged incidents of harassment occurred in

5

Maryland[.]" (JA at 39.) Even if we assume, as Kennedy has argued, that "the harm mostly occurred in Pennsylvania" because that is where she went home and felt the effects of her ill-treatment, she has cited nothing in the complaint or case law to support her contention that Help at Home's knowledge of her Pennsylvania residence is sufficient, "in the context of employment claims," for it to "have reasonably anticipated being brought into Court [there]." (JA at 39.)

To the contrary, the personal jurisdiction inquiry focuses on the nature of the defendant's – not the plaintiff's – contacts with the forum state, *Metcalfe*, 566 F.3d at 334, and "the state of a plaintiff's residence does not on its own create jurisdiction over [a] nonresident defendant[]." *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Kennedy has not argued, either before the District Court or on appeal, any other basis to support personal jurisdiction. Because she has not identified an adequate basis for exercising personal jurisdiction over Help at Home, dismissal with prejudice was proper.[5]

## III. CONCLUSION

For the foregoing reasons, we will affirm the order of dismissal and the order denying reconsideration.

---

[5] To the extent Kennedy requests that we remand the case to the District Court for purposes of transferring the case to Maryland, she did not make that request before the District Court, and we decline to address it in the first instance. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) ("Because of the important interests underlying the preservation doctrine, we will not reach a forfeited issue in civil cases absent truly exceptional circumstances." (internal quotation marks and citation omitted)).

6